UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------
ULYSSES MCINTYRE,

                Petitioner,          **MEMORANDUM OF**
                                           **DECISION AND ORDER**
                                           03-CV-0523 (ADS)
          -against-

GEORGE DUNCAN, Superintendent
of Great Meadows Correctional Facility

                Respondent.
------------------------------------------------------

**APPEARANCES:**

**ULYSSES MCINTYRE**
Petitioner, Pro se
#99-A-3982
Sing Sing Correctional Facility
345 Hunter Street
Ossining, New York 10562-5442

**JAMES C. NEVILLE, ESQ.**
Appointed counsel for the Petitioner
P.O. Box 1711
16 North Washington Street
Port Washington, NY 11050

**THOMAS J. SPOTA, DISTRICT ATTORNEY FOR SUFFOLK COUNTY**
Attorney for Respondent
200 Center Drive
Riverhead, New York 11901
By:    Marion M. Tang, Assistant District Attorney

**SPATT, District Judge.**

       Ulysses McIntyre ("McIntyre" or the "Petitioner" ), petitions this Court for a

writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Petitioner's sole allegation is

that Del Atwell, Esq., his appellate counsel, was constitutionally ineffective for failing to communicate with him or allow him to participate in his appeal. For the reasons set forth below, the Court denies McIntyre's petition.

## I. BACKGROUND

On July 6, 1999, McIntyre was convicted after a jury trial in Suffolk County Court of one count each of Criminal Sale of a Controlled Substance in the Third Degree, Criminal Possession of a Controlled Substance in the Third Degree, and Resisting Arrest. McIntyre was sentenced as a prior felony offender to an indeterminate term of 12 ½ to 25 years incarceration for the controlled substance counts, and a concurrent determinate sentence of 1 year incarceration for resisting arrest. On direct appeal, in upholding his conviction the Appellate Division, Second Department, found that the evidence was sufficient to establish guilt beyond a reasonable doubt; that there was no prosecutorial misconduct; and that McIntyre's sentence was not excessive. See People v. McIntyre, 284 A.D.2d 347, 725 N.Y.S.2d 879 (2d Dep't 2001). The New York Court of Appeals denied leave to appeal. Id., 96 N.Y.2d 941, 759 N.E.2d 380, 733 N.Y.S.2d 381 (2001).

On May 12, 2003, the Appellate Division, Second Department denied McIntyre's application for a writ of error coram nobis that was premised on the ground of ineffective assistance of appellate counsel. Id., 305 A.D.2d 519, 759 N.Y.S.2d 340 (2d Dep't 2003). On July 29, 2003, the New York Court of Appeals

denied McIntyre leave to appeal. Id., 100 N.Y.2d 584, 796 N.E.2d 487, 764 N.Y.S.2d 395 (2003).

## II. DISCUSSION

**A. EXHAUSTION**

In the interest of comity and in keeping with the requirements of 28 U.S.C. § 2254(b), federal courts will not consider a constitutional challenge that has not first been "fairly presented" to the state courts. See Ayala v. Speckard, 89 F.3d 91, 94 (2d Cir. 1996) (citing Picard v. Connor, 404 U.S. 270, 275, 30 L. Ed. 2d 438, 92 S. Ct. 509 (1971)); see, e.g., Rhines v. Weber, 125 S. Ct. 1528, 1533, 161 L. Ed. 2d 440 (2005).

Here, based on the record before the Court, it appears that the Petitioner has exhausted all of his state court remedies. The Petitioner properly challenge the effectiveness of his appellate counsel by filing a writ of error coram nobis to the appropriate state appellate courts and the state courts adjudicated that claim on the merits. See People v. McIntyre, 305 A.D.2d 519, 759 N.Y.S.2d 340 (2d Dep't 2003); People v. McIntyre, 100 N.Y.2d 584, 796 N.E.2d 487, 764 N.Y.S.2d 395 (2003).

**B. STANDARD OF REVIEW OF STATE COURT DETERMINATIONS**

The Antiterrorism and Effective Death Penalty Act (the "AEDPA") provides that a federal court may grant habeas relief to state prisoners with respect to any claim that was adjudicated on the merits in state court proceedings only if

> the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see DeBerry v. Portuondo, 403 F.3d 57, 66 (2d Cir. 2005); Wade v. Herbert, 391 F.3d 135, 140 (2d Cir. 2004).

A state court's factual findings enjoy a "presumption of correctness" that the petitioner must rebut by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Under the AEDPA standard, the court does not decide "whether the state court correctly interpreted the doctrine of federal law on which the claim is predicated, but rather whether the state court's interpretation was unreasonable in light of the holdings of the United States Supreme Court at the time." Brown v. Greiner, 409 F.3d 523, 533 (2d Cir. 2005); see also Williams v. Taylor, 529 U.S. 362, 405, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).

**C.  THE PETITIONER'S CLAIM OF INEFFECTIVE ASSISTANCE**

In order to prevail on an ineffective assistance of counsel claim, a petitioner must establish that his counsel performed deficiently and that the deficiency caused actual prejudice to his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed.2d 674 (1984); Dunham v. Travis, 313 F.3d 724, 730 (2d Cir. 2002). Under the first prong, the court must "indulge a strong presumption that counsel's conduct falls within the range of reasonable professional assistance."

Strickland, 466 U.S. at 689, 104 S. Ct. 2052.  The petitioner may prove the deficiency prong by establishing that his attorney's conduct fell "outside the wide range of professionally competent assistance," id. at 690, 104 S.Ct. 2052, and establish prejudice by showing a "reasonable probability" exists that, but for the deficiency, "the result of the proceeding would have been different."  Id. at 694, 104 S.Ct. 2052.  "A reasonable probability is one sufficient to undermine confidence in the outcome of the trial or appeal."  Dunham, 313 F.3d at 730 (citing Strickland, 466 U.S. at 694, 104 S. Ct. 2052).  Also, the Second Circuit has instructed that a reviewing court should be "highly deferential" to counsel's performance, because " 'it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.' " Pratt v. Greiner, 306 F.3d 1190, 1196 (2d Cir. 2002) (quoting Strickland, 466 U.S. at 689, 104 S.Ct. 2052).

The two-prong test articulated above applies to the evaluation of appellate counsel as well as trial counsel.  Frederick v. Warden, Lewisburg Correctional Facility, 308 F.3d 192, 197 (2d Cir. 2002); Aparicio v. Artuz, 269 F.3d 78, 95 (2d Cir. 2001); Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994); Claudio v. Scully, 982 F.2d 798, 803 (2d Cir. 1992); Abdurrahman v. Henderson, 897 F.2d 71, 74 (2d Cir. 1990); Gulliver v. Dalsheim, 739 F.2d 104, 107 (2d Cir. 1984); see also Evitts v. Lucey, 469 U.S. 387, 396–97, 105 S. Ct. 830, 83 L. Ed.2d 821 (1985).  In attempting to demonstrate that appellate counsel's failure to raise a claim constitutes deficient performance, it is not sufficient for the habeas petitioner to merely show that counsel

5

omitted a nonfrivolous argument. Jones v. Barnes, 463 U.S. 745, 754, 103 S. Ct. 3308, 77 L. Ed.2d 987 (1983). An appellate counsel who files a brief on the merits of a criminal appeal need not raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success. Smith v. Robbins, 528 U.S. 259, 288, 120 S. Ct. 746, 145 L.Ed.2d 756 (2000) (citing Jones v. Barnes, 463 U.S. 745, 103 S. Ct. 3308, 77 L. Ed.2d 987 (1983)). A petitioner may establish constitutionally inadequate performance if he shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker. Clark, 214 F.3d at 322; Mayo, 13 F.3d at 533.

In his petition, McIntyre claims that his appellate counsel failed to communicate with him prior to the time that the brief was filed, and that this led to the omission of non-frivolous issues that were not apparent from the trial record. An appellate attorney's failure to communicate with his or her client, by itself, does not constitute per se ineffective assistance of counsel. Buitrago v. Scully, 705 F. Supp. 952, 955 (S.D.N.Y. 1989). Although it may be desirable and productive, the Constitutional right to effective assistance of counsel does not encompass the requirement that an attorney consult with his client to discuss the alleged trial errors that his client wishes to pursue. Smith v. Cox 435 F.2d 453, 458 (4th Cir. 1970), vacated on other grounds by Slayton v. Smith, 404 U.S. 53, 92 S. Ct. 174, 30 L. Ed. 2d 209 (1971).

The Court notes that a failure of communication cannot automatically be attributed solely to counsel. Indeed, McIntyre's appointed counsel for this petition points out that he himself had difficulty in communicating with the Petitioner. Nevertheless, even assuming that the failure can be attributed to counsel, under the Strickland test it is not a constitutionally cognizable claim unless the lack of communication is professionally unreasonable and it actually prejudiced the defendant. For example, "a lawyer who disregards a defendant's specific instructions to file an appeal acts in a manner that is professionally unreasonable . . ." and may also have prejudiced the defendant by forfeiting the right to an appeal. Garcia v. United States, 278 F.3d 134, 137 (2d Cir. 2002).

In this case, the only prejudice that the defendant appears to have suffered is the fact that he was unable to submit a timely pro se supplemental appellate brief. However, the fact that petitioner might not have received a copy of counsel's brief in time to file a pro se supplemental brief does not violate petitioner's Sixth Amendment right to counsel. See Grey v. Henderson, 788 F. Supp. 683, 690 (E.D.N.Y. 1991). In addition, it appears that the issues he wished to add to his direct appeal were eventually considered as part of his writ of error coram nobis.

McIntyre also contends that the failure to communicate led to several meritorious grounds being omitted from his appeal. However, as stated above, appellate counsel need not raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success. See Robbins, 528 U.S. at

288, 120 S. Ct. 746, 145 L. Ed.2d 756.  A lawyer is in a much better position than a layman to decide which issues have the most likely chance of success on appeal. "This process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy."  Sellan v. Kuhlman, 261 F.3d 303, 317 (2d Cir. 2001) (quoting Smith v. Murray, 477 U.S. 527, 536, 106 S. Ct. 2661, 91 L. Ed.2d 434 (1986) and Barnes, 463 U.S. at 751–52, 103 S. Ct. 3308, 77 L. Ed. 2d 987 (1983)).  "It will often be the case that even the most informed counsel will fail to anticipate a state appellate court's willingness to reconsider a prior holding or will underestimate the likelihood that a federal habeas court will repudiate an established state rule." Murray, 477 U.S. at 536, 106 S. Ct. 2661, 91 L. Ed.2d 434 (1986).

In addition, an analysis of the issues that were raised in McIntyre's direct appeal contradicts his assertion that counsel failed to include nonfrivolous issues as a result of his lack of communication with him.  On appeal, McIntyre's counsel filed a 28 page brief that raised numerous issues.  For example, the following list of issues were raised and fully developed on appeal: (1) that the sentence was harsh and excessive and should be reduced; (2) that the evidence was insufficient to sustain the conviction; (3) that the prosecutor's remarks during summation constituted prosecutorial misconduct; and (4) that his trial counsel was ineffective with regard to sentencing issues only.

McIntyre claims that on appeal counsel should have raised the claim of ineffective assistance of trial counsel because, among other things, his trial counsel did not effectively cross-examine the People's chemist regarding the chemical characteristics of the controlled substance that he possessed. McIntyre concludes that, "absent a polarimeter test, the evidence was insufficient as a matter of law to find Petitioner guilty of the crimes he was convicted of."

The Court finds that the addition of this argument to the appeal would not have affected the outcome. The Petitioner's appellate counsel raised the issue of sufficiency of the evidence, which would have required the state appellate court to review the testimony of the People's chemist. Upon review, the state appellate court found that there was sufficient evidence to sustain a conviction of criminal possession of a controlled substance. Therefore, with reasonable certainty, any alleged error by trial counsel in cross examining the People's chemist would have been harmless.

The Petitioner also sets forth a litany of other basis that his appellate counsel should have raised in support his claim of ineffective assistance of trial counsel. A few of the grounds include: (1) failure of his trial counsel to consult with him in preparing any testimony or evidence; (2) failure to interview the Petitioner's father and other individuals that were present in the courtroom during the trial; (3) failure of trial counsel to seek an independent drug test for the analysis of the controlled substance named in the indictment; (4) failure of trial counsel to request a change in

venue to obtain a jury of his peers; and (5) failure of trial counsel to hire a private investigator.

The Court has reviewed the Petitioner's arguments that he claims should have been raised on appeal and finds them to be frivolous, superfluous, or unpersuasive. As such, appellate counsel correctly trimmed them from the appeal as unnecessary or detracting to the nonfrivolous issues. Accordingly, the Court concludes that the state court properly determined that Petitioner's appellate counsel's performance fell well within the "wide range of professionally competent assistance" required under the Sixth Amendment to the Federal Constitution. Strickland, 466 U.S. at 690, 104 S. Ct. 2052, 80 L. Ed.2d 674.

### III. CONCLUSION

Based on the foregoing, the Court finds that the state courts' determinations were not contrary to, or an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d). Accordingly, the petition for a writ of habeas corpus is DENIED.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253(c)(2), a certificate of appealability is DENIED, as the Petitioner fails to make a substantial showing of a denial of a constitutional right. Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 1039, 154 L. Ed.2d 931 (2003); Lucidore v. New York State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000).

The Clerk of the Court is directed to close this case.

**SO ORDERED.**
Dated: Central Islip, New York
      November 8, 2005

                                                            */s/ Arthur D. Spatt*
                                                        ARTHUR D. SPATT
                                             United States District Judge